**Alexander S. LANGER, Barbara Langer, Barbara C. Langer, Plaintiffs–Appellants,**

v.

**TOWN OF TRUMBALL, Paul Kallmeyer, Leonard Provenzano, Kenneth S. Halaby, Defendants–Appellees.**

**Docket No. 01–9129.**

United States Court of Appeals, Second Circuit.

May 23, 2002.

Alexander S. Langer, Trumbull, CT, pro se.

Richard J. Burturla, Berchem, Moses & Devlin, Milford, CT, for Defendant–Appellee.

Present MINER, and SACK, Circuit Judges, and BERMAN,\* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the

---

\* Of the United States District Court for the Southern District of New York, sitting by designation.

district court of August 13, 2001 be, and it hereby is, AFFIRMED.

Alexander S. Langer, Barbara C. Langer, and Barbara Langer ("the Langers") appeal an August 13, 2001 judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*) that granted the Federal Rule of Civil Procedure 12(b)(6) motion of the defendants Town of Trumbull, Paul Kallmeyer, Leonard Provenzano, and Kenneth Halaby, and hence dismissed the Langers' federal constitutional claims filed pursuant to 42 U.S.C. § 1983, and their state law claims.

On December 14, 2000, the Langers filed a complaint alleging that the defendants had violated their Fourth and Fourteenth Amendment rights, and inflicted emotional distress on them, by seizing and destroying property during an eviction proceeding. The defendants informed the Langers on April 10, 1997 that their property had been destroyed on March 26, 1997. On May 22, 1997, the Langers filed a complaint with the Connecticut Commission on Human Rights. The Commission subsequently dismissed the Langers' complaint. From these facts, the district court concluded that the plaintiffs' § 1983 claims were time-barred under the relevant three-year statute of limitations and declined jurisdiction over their pendent state law tort claims.

We review the district court's dismissal of a claim pursuant to Rule 12(b)(6) *de novo, Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998), taking all factual allegations set forth by the plaintiff as true and construing all reasonable inferences in the plaintiff's favor, *Lee v. Bankers Trust Co.,* 166 F.3d 540, 543 (2d Cir.1999).

It is well established that state statutes of limitations apply to constitutional torts brought pursuant to § 1983. *Owens v. Okure,* 488 U.S. 235, 240–41, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Constitutional torts brought under § 1983 are governed in Connecticut by a three-year statute of limitations under Connecticut General Statutes § 52–577. *Lounsbury v. Jeffries,* 25 F.3d 131, 134 (2d Cir.1994). Further, applicable state tolling provisions apply absent inconsistency with the policies underlying a federal statute. *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio,* 446 U.S. 478, 484–92, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Section 52–577 does not toll the statute of limitations during the filing of an administrative complaint. Conn. Gen.Stat. § 52–577. State tolling provisions that do not require plaintiffs to exhaust administrative or state court remedies are not inconsistent with § 1983 because the latter does not require exhaustion of administrative remedies or a state court adjudication before commencement of a federal action. *Tomanio,* 446 U.S. at 491, 100 S.Ct. 1790. Thus, the Langers had three years from the time they knew that their property had been destroyed to file their § 1983 action. Because they failed to meet this deadline, the district court properly dismissed their federal claims.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline jurisdiction over pendent state law claims when all the claims conferring federal jurisdiction have been dismissed. The district court, therefore, was within its discretion when it declined jurisdiction over the plaintiffs' pendent state law claims.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.